2009 MT 429N
T.A.S. and G.S., on behalf of T.S. and N.S., Minor Children, Petitioners and Appellees,
v.
J.J.H., a Minor Child, Respondent and Appellant.
No. DA 09-0324.
Supreme Court of Montana.
Submitted on Briefs: November 25, 2009.
Decided: December 18, 2009.
For Appellant: Brooke B. Murphy; Matovich, Keller & Murphy, P.C., Billings, Montana.
For Appellees: J. Reuss; Guthals, Hunnes & Reuss, P.C., Billings, Montana.
Chief Justice Mike McGrath delivered the Opinion of the Court.
¶ 1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.
¶ 2 J.J.H. appeals from the May 27, 2009, order of the District Court of the Thirteenth Judicial District extending for one year an Order of Protection previously entered in favor of T.S and N.S. in April, 2008. We affirm.
¶ 3 At the time this case arose, J.J.H. was an 11-year-old boy who became acquainted with T.S., also an 11-year-old boy, and N.S., his 13-year-old brother, through Little League baseball. J.J.H and T.S. both played baseball, and the stepfather of J.J.H. and the father of T.S. were heavily involved in the Little League program. During the summer of 2007 there were allegations that J.J.H. had sexually assaulted T.S. and N.S. during a sleep-over. In September, 2007, J.J.H. was charged by petition with sexual intercourse without consent, a charge that was resolved in April, 2008, with a deferred prosecution agreement.
¶ 4 In March, 2008, T.A.S. and G.S. filed a petition for an order of protection, which was heard by the District Court in April, 2008. The District Court issued the order of protection to prevent contact between J.J.H. and T.S. and N.S., especially during the Little League baseball season. In 2009 T.A.S. and G.S. petitioned the District Court to extend the order of protection for an additional year, presenting evidence of problems implementing the order during the prior Little League season, and evidence of on-going issues the children were having as a result of the incident with J.J.H.
¶ 5 J.J.H. contends on appeal that the District Court's order extending the order of protection was based on erroneous findings and upon the wrong legal standard. He also contends that the order is improperly directed at third parties and violates his right to privacy.
¶ 6 We have reviewed the District Court's order and the record and find that it is based upon the appropriate legal standards and upon sufficient evidence. The order suggests but does not require that third parties in the Little League program cooperate in implementation of the order. The District Court limited dissemination of the order to Little League officials who needed to know that J.J.H. and T.S. should be separated during baseball events. J.J.H. disseminated knowledge of the initial order of protection to Little League officials in 2008 and the District Court sua sponte issued an order to seal the court file. At that time, the District Court analyzed the privacy interests involved and found that the limited dissemination was necessary to protect the well being of T.S. and N.S.
¶ 7 There clearly is sufficient evidence to support the District Court's findings of fact and conclusions of law. We find no reason in fact or law to disturb the District Court's order.
¶ 8 Affirmed.
JUSTICES JIM RICE, W. WILLIAM LEAPHART, and BRIAN MORRIS, concur.
Justice Patricia O. Cotter dissents.
¶ 9 I dissent on several grounds.
¶ 10 First, there was evidence offered at the hearing on the request for an extended order of protection that was not available to the court during the first hearing a year earlier. Specifically, a psychologist testified that after a year of counseling J.J.H., and having had the opportunity to review the transcripts and video tapes of the detective's interviews with J.J.H. and the purported victims, he was convinced that no sexual assault had actually occurred. He concluded that J.J.H. exhibited no aggressive or predatory behaviors, and that there was no evidence that he was a sexual offender. Though this evidence was uncontradicted, the District Court discounted it.
¶ 11 Second, § 40-15-201, MCA, requires a finding that the petitioner is in danger of harm if the court does not act immediately. Here, the court found a risk of some emotional harm to one of the boys but not the other, and in fact affirmatively found that there was no or very low risk of physical abuse. I would conclude that the statutory requirements for extending the order of protection were simply not met here.
¶ 12 Finally, I would also conclude that ordering the dissemination of the order of protection to Little League personnel violated both due process and J.J.H.'s privacy rights. It bears noting that J.J.H. has never been convicted of the crime which the District Court assumes he committed. There was no need to disclose the inflammatory and essentially unproven information contained in the extended order of protection to third parties, as the order could have been given effect via a simple directive that the boys not play in the same baseball league.
¶ 13 For these reasons, I would reverse the entry of the extended order of protection. I accordingly dissent.